COLE MANUFACTURING CO. *v.* FALLS.

(*Jackson.* May 20, 1893.)

1. MECHANICS' LIEN. *Service of notice of furnisher's lien.*

Furnisher's notice to owner of property of his intention to claim lien for materials furnished to a contractor for use in its improvement is void, if served more than thirty days after the expiration of the furnisher's contract, and before the completion of the building or improvements in which the materials were used.

Acts construed: Acts 1889, Ch. 103.

Cases cited: Reeves *v.* Henderson, 90 Tenn., 527; Bassett & Clapp *v.* Bertorelli, *ante*, p. 548.

2. STATUTES. *Repeal by implication.*

A statute amends by substitution and repeals by implication a former law, where the later statute covers the entire subject-matter of the earlier one, and declares that it "shall be amended so as to read as follows," setting out the amendment in full.

Acts construed: Acts 1889, Ch. 103; Acts 1881, Ch. 67 (Code, M. & V., ? 2746); Acts 1845-6, Ch. 118 (Code, M. & V., ? 2746).

Cases cited and approved: Terrell *v.* State, 86 Tenn., 523; Poe *v.* State, 85 Tenn., 495; The Druggist Cases, 85 Tenn., 450.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

CASEY YOUNG for Cole Manufacturing Co.

S. J. SHEPHERD for Falls.

CALDWELL, J.    This    is    a    bill    to    enforce    an
alleged  furnisher's  lien,  under  Chapter  103,  Acts  of
1889.

The  cause  is  in  this  Court  for  the  second  time,
having  been  here  originally  on  demurrer,  impeach-
ing  the  constitutionality  of  the  Act  (90  Tenn.,  468),
and  coming  up  now  on  appeal  from  decree  dismiss-
ing  the  bill  on  the  merits.

On  final  hearing  it  was  shown,  under  proper
pleadings,  that  defendant,  Falls,  as  owner,  contracted
with  one  Rempe,  as  original  contractor,  to  make
certain  improvements  upon  a  lot  of  ground  in  the
city  of  Memphis;  that  complainant,  under  contract
with  Rempe,  furnished  certain  materials,  which  he
used  in  making  those  improvements,  and  for  which
he  failed  to  make  payment;  that  complainant  there-
upon  gave  Falls  notice  of  its  intention  to  claim  a
lien  upon  the  property  improved,  and,  within  ninety
days  thereafter,  filed  this  bill  to  enforce  the  lien.

The  Chancellor  was  of  opinion,  and  adjudged,
that  the  notice  was  not  given  at  such  time  as  to
fix  a  lien  upon  the  property;  and,  for  that  and
other  reasons,  he  dismissed  the  bill.

Complainant's  contract  with  Rempe  expired  on
the  eighteenth  of  December,  1889,  that  being  the
day  on  which  it  furnished  the  last  of  the  ma-
terials  it  was  employed  to  furnish.    The  notice  was
given  on  the  twenty-eighth  of  February,  1890,  and
the  improvements  were  completed  on  the  twenty-
fourth  of  March,  1890.

Notice,  otherwise  good,  has  been  held  sufficient

to perfect the furnisher's lien, under the Act of 1889, if given within *thirty days* after the expiration of his contract (*Bassett & Clapp* v. *Bertorelli, ante, p.* 548), or within *thirty days after* the completion of the improvements (*Green* v. *Williams, ante, p.* 220); but the case at bar does not come within either of those decisions, because the notice here in question, as already seen, was given *seventy days* after the expiration of ·complainant's contract, and twenty-four days *before* the completion of the improvements.

Was a notice, given at such a time, efficacious to perfect complainant's inchoate lien? The provision of Section 1, Chapter 103, Acts of 1889, is that a subcontractor, employed by the original contractor to perform labor or furnish materials, shall have a lien, *provided* he give notice of an intention to claim it within thirty days after the building is completed, or his contract shall expire, or he be discharged.

The period in which the notice before us was given is not embraced in that provision. The notice was not given within thirty days after the expiration of complainant's contract, nor within thirty days after the building was completed, nor within thirty days after complainant was discharged; for complainant was not discharged at all, and the notice was given *seventy* days after the expiration of its contract, and twenty-four days *before* the completion of the building.

But it is contended on behalf of complainant

39—8 P

that prior Acts embrace the period within which the notice in this case was given; and that, when all the Acts are considered together, as it is insisted they should be, it becomes entirely clear that the subcontractor is authorized to give notice at any time between the inception of his contract and the expiration of thirty days after the completion of the building.

The second section. of Chapter 118, Acts of 1845-6, gave the subcontractor a lien, on condition that he should give the owner of the property notice of his intention to rely upon it *at the time he began* to work or furnish materials. Code, § 1986. That provision was amended by Section 2, Chapter 67, Acts of 1881, so as to authorize the notice to be given when the subcontractor *began* to work or furnish materials, or *during the progress of the work*, or *after its completion*, and before the contractor has been paid. Code (M. & V.), § 2746.

Such was the state of the law on this subject when the Act of 1889 was passed. Hence, if the provision of that Act with respect to notice, is to be taken as but an enlargement of previous legislation, as was that of the Act of 1881, there can be no doubt that the present law (Sec. 1, Ch. 103, Acts 1889), so enlarged, gives all the scope contended for by counsel of complainant, and authorizes the subcontractor to give notice at any time from the commencement of his contract to the end of thirty days after the completion of the building.

But we do not so understand that provision of the Act of 1889. It was not a mere enlargement of the law previously existing, but an actual *substitute* for it.

The amendment made by the Act of 1881 was by *addition*, but the amendment made by the Act of 1889 was by *substitution*. This is obvious from the language of the respective Acts.

The original provision of the Act of 1845–6, as carried into the Code, is as follows: "Every journeyman, or other person employed by such mechanic, founder, or machinist to work on the building, fixture, machinery, or improvement, or to furnish materials for the same, shall have this lien for his work or materials, if, at the time he begins to work, or furnishes the materials, he notifies the owner of the property, in writing, of his intention to rely upon the lien." Code, § 1986.

The Act of 1881 provides: "That § 1986 of the Code be, and is hereby, amended by *adding* thereto the following, viz: Such person shall also have a lien, if such written notice is served on the owner during the progress of the work, or after its completion, and before the contractor has been been paid." Acts 1881, Ch. 67, Sec. 2; Code (M. & V.), § 2746.

The Act of 1889 provides: "That Section 2 of the Act of the Legislature of 1881, Chapter 67, above referred to in this caption, shall be amended *so as to read as follows*, viz.: 'Every journeyman, or other person, employed by such mechanic,

founder, or machinist to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same, shall have this lien for his work or material;' *Provided,* That within thirty days after the building is completed or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvement is being made, * * * that said lien is claimed." Acts 1889, Ch. 103, Sec. 1.

That the Legislature intended this last provision to stand in the place of all former legislation on the particular subject then in hand, with the modifications therein made, is unmistakably manifested by the introductory words, declaring that the previously existing law "shall be amended *so as to read* as follows," and also by the further fact that the language following that declaration covers the whole subject embraced in the amended law.

It is a clear case of amendment by substitution and repeal by implication. *Terrell* v. *State,* 86 Tenn., 523; *Poe* v. *State,* 85 Tenn., 495; *The Druggist Cases, Ib.,* 450.

When this case was here at a former term, it was held that the previous Acts on this subject were "amended and superseded by the first section of the Act of 1889." 90 Tenn., 471.

It may be suggested that the last provision was obviously intended to better the situation of the

subcontractor, and that, therefore, greater scope should be now allowed with respect to the time within which he may give notice. The provision *was* intended to benefit the subcontractor, beyond question; and it so operates. But it does not follow that greater latitude was intended as to the time in which notice might be given. The truth is, that the law in that particular was somewhat narrowed by the Act of 1889; but the subcontractor was, at the same time, given a greater advantage, in that his lien was declared no longer dependent upon the question as to whether or not the owner had paid the contractor in full when the requisite notice should be given. *Reeves* v. *Henderson*, 90 Tenn., 527; *Bassett & Clapp* v. *Bertorelli*, *ante*, *p.* 548.

Since the notice before us was not given at such time as to perfect complainant's lien, in whatever form it may have been, it is not necessary that its sufficiency or insufficiency as to identification of the property on which the lien was claimed should be decided.

The questions of estoppel and personal liability of Falls for complainant's debt will be disposed of orally.

Affirm, with costs.