BIRD BROTHERS *v.* SOUTHERN SURETY CO. *et al.*

(*Knoxville.*   September Term, 1917.)

1. **MECHANICS' LIENS. Notice of Claim. Time.**

A materialman or worker must either serve notice of claim within thirty days after furnishing the last material or of expiration of worker's contract, or within thirty days after completion of the building, to obtain a lien, and service of notice between such periods, even if within thirty days after abandonment of the work by the contractor, is void, under Thom. Shan. Code, section 3540.   (*Post, pp.* 14-18.)

Cases cited and approved: Perkins Oil Co. v. Eberhart, 107 Tenn., 409; Cole Mfg. Co. v. Falls, 92 Tenn.. 607; Basham v. Toors, 51 Ark., 309; National Surety Co. v. Price, 162 Ky., 632; Powder Co. v. Railroad, 113 Tenn., 382.

Code cited and construed:   Sec. 3540 (T.-S.).

2. **MECHANICS' LIENS. Notice of claim. Necessity for.**

Filing of an intervening petition, in action by owner to ascertain mechanics' liens, within thirty days after completion of a building, does not give a materialman or worker a lien when no valid notice of claim has been served, under Thom. Shan. Code, section 3540, relating to notice to owner. *Post, pp.* 18-19).

Cases cited and approved: Stone Co. v. Board of Publication, 91 Tenn., 200; Bassett v. Bertorelli, 92 Tenn., 548; Reeves v. Henderson, 90 Tenn., 522.

Code cited and construed:   Sec. 3540 (T.-S.).

3. **MECHANICS' LIENS. Indemnity against lien. Bond of contractor. Liability of Surety.**

A bond conditioned that surety shall indemnify the owner for "loss resulting from the enforcement of mechanics' liens" does not render the surety liable for attorney's fees and costs from attempted enforcement of liens which failed because proper notice of claim was not given.   (*Post, pp.* 19-20.)

FROM GREENE

Error to the Chancery Court of Greene County.·
—Hal. H. HAYNES, Chancellor.

SUSONG & BIDDLE, for Bird Bros.

SHOUN & TRIM, for Knoxville Brick Co.

W. E. DRUMMOND, for Knoxville Lbr. & Mfg. Co.

A. Y. BURROWS, for Southern Surety Co.

·THOMAS S. WALKER, for W. T. & Geo. Clem, J. C.
Flannon, W. C. Waddell & R. C. Bird.

MR. JUSTICE GREEN delivered the opinion of the
Court. ·

Bird Bros. entered into a contract with one W.
H. Gildard to construct for them a building in the
town of Greeneville for the sum of $4,000. Gildard
abandoned the job before the completion of the
building, and assigned his contract to W. C. Terry
& Co., who, for the purposes of this opinion, may
be said to have assumed Gildard's obligations and
agreed to complete this contract. The surety com-
pany made a bond to protect Bird Bros. against
mechanic's liens. The Southern Surety Company
was also on Gildard's bond. W. C. Terry & Co.
likewise abandoned this job, and Bird Bros. them-
selves had to complete the building.

The Knoxville Lumber & Manufacturing Company, the Knoxville Brick Company, and certain others hereafter referred to, furnished material which entered into the construction of this building and performed labor on the same.

After W. C. Terry & Co. abandoned the work, the Knoxville Lumber & Manufacturing Company served a notice on Bird Bros. of its intention to claim a lien upon the property. It may be conceded that this notice was served within thirty days after the abandonment of the contract by W. C. Terry & Co.

Later, notices of a lien claimed were served upon Bird Bros. by W. T. & George Clem, J. C. Flannon, and Waddell & Bird.

The Knoxville Lumber & Manufacturing Company, under provisions of section 5307, Thompson's-Shannon's Code, within ninety days after the service of its notice upon Bird Bros., filed a bill for itself and for the benefit of any other mechanics claiming a lien upon said property to subject said property to the satisfaction of said liens.

Shortly after this bill was filed, Bird Bros. the owners of the property, filed their bill against the surety company and certain of the mechanics claiming liens to have said liens ascertained, the rights of the parties fixed, and the bondsman held liable. This bill was filed according to the practice approved in *Perkins Oil Co.* v. *Eberhart,* 107 Tenn., 409, 64 S. W., 760.

By order of the chancellor, the suit instituted by the Knoxville Lumber & Manufacturing Company was consolidated with the suit instituted by Bird Bros. In the consolidated case intervening petitions were filed to assert mechanics' lien by Clem, Flannon, and Waddell & Bird, whose claims were above mentioned. After the completion of the building by the owners an intervening petition was filed in this consolidated case to assert a mechanic's lien by the Knoxville Brick Company.

There were some other pleadings in the case not necessary to be mentioned. Bird Bros., the owners of the property, also sought in this case a recovery against the surety company for counsel fees and other expenses to which they had been put in the litigation about the mechanics' liens.

The chancellor pronounced a decree in which he declared a lien on the property in favor of the Knoxville Lumber & Manufacturing Company and a lien in favor of the Knoxville Brick Company, but adjudged that Clem, Flannon and Waddell & Bird had not perfected their liens asserted. The chancellor also held that the surety company was liable on the bond executed by it for counsel fees incurred by Bird Bros.

All the parties mentioned have brought the case up and assigned error on the chancellor's decree so far as they are adversely affected.

We are of opinion that the Knoxville Lumber & Manufacturing Company was not entitled to the lien declared in its favor on said building. The chan-

cellor proceeded on the idea that a notice of this claim served upon the owner within thirty days after the abandonment of the work by the contractor, W. C. Terry & Co., was adequate to fix a lien upon this property, suit being brought within ninety days after service of the notice. We are not able so to construe our statute, which is in the following words:

"Every journeyman or other person employed by such mechanic, founder, or machinist, to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same, shall have this lien for his work or material, if, within thirty days after the building is completed, or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvement is being made, or his agent or attorney, if he reside out of the county, that said lien is claimed, and said lien shall continue for the space of ninety days from the date of said notice in favor of such subcontractor, mechanic, or laborer." Thompson's-Shannon's Code, section 3540.

Under this statute the notice of lien must be served upon the owner within thirty days after the building is completed or within thirty days after the contract of the laborer, mechanic, or workman shall expire. In the case of a furnisher of material he must serve his notice within thirty days after the last material is furnished, or within thirty days after the building is completed. It is not insisted that the Knox-

ville Lumber & Manufacturing Company served its notice within thirty days after the lumber was supplied.

A notice served by the furnisher of material upon the owner of the property is void if served more than thirty days after the last material is furnished and before the completion of the building. Two periods are fixed by the statute for the service of such notice: Thirty days after the last material is supplied, and thirty days after the building is completed. If given more than thirty days after the last material is furnished, it is too late, and falls without the first period. If given before the building is completed, it is premature and without the last period specified. *Cole Mfg. Co.* v. *Falls,* 92 Tenn., 607, 22 S. W., 856. The mechanics' lien laws of the several States are divergent in their provisions, and authorities from other jurisdictions are not helpful in the consideration of our own statutes.

It has been held in Arkansas where the law provides for a service of notice within a certain period after the job or contract has been completed that a service within due time of the abandonment of the work by the contractor is proper. *Basham* v. *Toors,* 51 Ark., 309, 11 S. W., 282.

On the other hand under a somewhat different statute the Kentucky court of appeals has held that the time for serving notice was to be reckoned from the last item furnished after the owner assumed charge of the work and not from the last

item furnished before the contractor abandoned the job. *National Surety Co.* v. *Price,* 162 Ky., 632, 172 S. W., 1072.

Construing our statute providing for a lien in favor of those doing work on railroads, which is similar in its provisions to section 3540, Thompson's-Shannon's Code, above set out, where a furnisher of material stopped a shipment in transit owing to the insolvency and abandonment of the work by the contractor, this court said:

"The fact that the last shipment was not delivered was due to the abandonment of the work by Cole & Co. and their notice of insolvency, and within ten days after the contract was terminated by the wrongful conduct of Cole & Co. and within ten days from the time when the last delivery would have been made but for their failure, the notice was given." *Powder Co.* v. *Railroad,* 113 Tenn., 382, 401, 83 S. W., 354, 358 (67 L. R. A., 487, 106 Am. St. Rep., 836).

Such a notice was held sufficient to fix a lien, but it was so held because it came within ten days of a time when the last material would have been delivered but for the failure of the contractor. It is not insisted that any further deliveries of material were prevented in this case by the default of W. C. Terry & Co.

Inasmuch as the Knoxville Lumber & Manufacturing Company failed to give notice of the lien claimed within thirty days of the time that the last material was furnished by it, it was then remitted

to the necessity of giving this notice within thirty days after the building was completed. No intermediate time for the serving of such notices is provided by the statutes. Mechanics' lien are purely statutory, as is well known, and our statute (Thompson's-Shannon's Code, section 3540) does not authorize any lien under the circumstances appearing in this case.

The Knoxville Brick Company filed an intervening petition in these consolidated causes asserting its lien within thirty days after the completion of this building by the owners. However, it appears that this claimant served no notice upon the owners of its intention to claim a lien.

Such failure to serve notice is in our opinion fatal to this petitioner's claim. *Stone Co.* v. *Board of Publication,* 91 Tenn., 200, 18 S. W., 406; *Bassett* v. *Bertorelli,* 92 Tenn., 548, 22 S. W., 423; *Reeves* v. *Henderson,* 90 Tenn., 522, 18 S. W., 242; *Cole Mfg. Co.* v. *Falls,* supra.

It is argued in behalf of the Knoxville Brick Company that the intervening petition filed by it within thirty days after the building was completed was in itself a notice to the owners of the building, and that no more was required. Such petition, however, was only permissible on the part of one who had perfected a lien on the property involved in the case. The petitioner had no right to a personal judgment against the owners of the property. Its only claim was against the property itself. Until notice was

served upon the owner and a lien thus fixed, the petitioner had nothing against the property upon which it could sue. It had no standing in court— no right to assert. Suitors are ordinarily allowed to enter the courts to enforce or to redress rights, not to create rights.

Clem, Flannon, and Waddell & Bird served notices of liens claimed by them within thirty days of the abandonment of the work by W. C. Terry & Co. None of these parties, however, filed suits to enforce such liens until more than ninety days after such notices were served by them.

For two reasons, therefore, none of these claimants are entitled to a lien. Notice was not served at a proper time, nor was suit brought within the period of the statutory limitation. Thompson's-Shannon's Code, section 3540.

There has been much discussion as to whether Bird Bros. were entitled to recover their attorney's fees and other expenses from the surety company executing the bond of W. C. Terry & Co. All this has been upon the assumption that mechanics' liens would have to be discharged by the owners.

The bond is conditioned that the surety company "shall well and truly indemnify and save harmless the obligee from any pecuniary loss resulting from the enforcement of mechanics' liens against said property of the said obligee."

Since from the foregoing it appears that no mechanics' liens have been fastened on the property of

Bird Bros., and that they cannot be put to any "pecuniary loss resulting from the enforcement of mechanics' liens," it follows that there is no liability on this bond.

The question as to the right of the owners to recover their attorney's fees as a part of such pecuniary loss consequently does not arise.

It results that the decree of the chancellor, in so far as any mechanics' liens on this property were declared and in so far as any recovery against the surety company was decreed, will be reversed. His decree with reference to the claims of Clem, Flannon, and Waddell & Bird will be affirmed. The costs of the case will be paid one-third by Bird Bros., one-third by the Knoxville Lumber & Manufacturing Company, and the other third will be divided among the Knoxville Brick Company, W. T. & Geo. Clem, J. C. Flannon, and Waddell & Bird.