F. H. Thomas *et al. v.* J. C. Setliffe *et al.*

(*Nashville*, December Term, 1929.)

Opinion filed June 6, 1930.

H. M. VAUGHN and WHITE & WHITE, for complainant, appellees.

CANTRELL, MEACHAM & MOON, for defendant, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by a firm of carpenters to enforce a mechanic's lien upon property in Chattanooga on which they had done work. There was a decree for the complainants in the chancery court, which was affirmed by the Court of Appeals, and a petition for *certiorari* has been filed by certain of the defendants.

Stating only such facts as are relevant to the questions presented to this court, it appears that the Union Bank & Trust Company on November 1, 1926, conveyed the property involved to Setliffe. A vendor's lien was retained in this deed to secure payment of the purchase money note, the language used being as follows:

"The payment of said note being secured by the retention of a vendor's lien on the real estate herein conveyed (and to more easily and quickly enforce collection of said purchase money note, the grantees have this day executed a deed of trust to W. E. Wilkerson, Trustee, containing full power of sale in default of payment of said note, etc.)."

A trust deed, according to this tenor, was as a matter of fact executed on the same day, November 1, 1926.

The deed of the Union Bank & Trust Company, retaining a vendor's lien, was recorded on December 9, 1926.

The trust deed of Setliffe to Wilkerson, Trustee, was not recorded until March 17, 1927.

On February 16, 1927, Setliffe entered into the contract with the complainants for the work on the premises and delivery of material began on the same day.

The complainants filed a bill herein to recover a judgment for the amount of their debt against Setliffe and

to have their lien declared upon the property on May 16, 1927. Although Wilkerson was made a defendant to the complainant's bill, Setliffe having become in default with respect to his obligations under the trust deed above ·mentioned, Wilkerson as trustee proceeded to advertise the property for sale under said trust deed and it was sold thereunder for cash on July 26, 1927, and bid in by Sam E. Whitaker.

As heretofore stated, the chancellor and the Court of Appeals were of opinion that the complainants' lien attached to the property in the hands of Sam E. Whitaker, in other words, that the mechanic's lien was superior to the lien of the trust deed. While the question is not free from difficulty, we think the lower courts were correct.

■ The mechanic's lien attached to whatever interest Setliffe had in the property when the delivery of material began on February 16, 1927. *Green* v. *Williams,* 92 Tenn., 224; *Electric Light Co.* v. *Gas Company,* 99 Tenn., 371.

On that day Setliffe, in so far as his creditors were concerned, owned a fee in the land under the deed of the Union Bank & Trust Company of date November 1, 1926, registered December 9, 1926, subject to the vendor's lien retained in said deed to secure the purchase money note.

■ The trust deed from Setliffe to Wilkerson, Trustee, which undertook to pass the fee, was null and void as to Setliffe's creditors prior to the registration of said instrument. Thompson's-Shannon's Code, section 3752. It is immaterial whether they had constructive or actual notice thereof. *Hunt* v. *Curry,* 153 Tenn., 11; *Wilkins* v. *McCorkle,* 112 Tenn., 688.

██ Mechanic's lien creditors have a right to rely on the record title of the owner of property and their liens have priority over the lien of a mortgage where delivery of material begins before the registration of that mortgage. *Electric Light Co.* v. *Gas Company, supra.*

██ The complainants' lien attached to the existing title of Setliffe as his title appeared of record on February 16, 1927. *Gillespie* v. *Bradford,* 15 Tenn. (7 Yerg.), 168. *Prichard Bros.* v. *Causey,* 158 Tenn., 53, is not applicable here. In the later case it was held that a trust deed made by the vendee to secure purchase money, executed on the same day of the conveyance of the vendor to the vendee, and as part of the same transaction, had precedence over a mechanic's lien. In that case, however, neither the deed to the vendee nor the trust deed was registered until after the delivery of material. The owner of the property accordingly had no record title.

The basis of *Prichard Bros.* v. *Causey, supra,* is that the execution of the deed to the vendee and of the mortgage to secure purchase money are simultaneous acts and that the title does not rest for even a moment in the purchaser, but merely passes through his hands and vests in the mortgagee or trustee, and that during such instantaneous passage no lien of any character can attach to the title. *Bridges* v. *Cooper,* 98 Tenn., 381, 19 R. C. L., 416.

In the case before us, subject to the vendor's lien, the record title remained in Setliffe more than three months. The interest of Setliffe, subject to the vendor's lien, was a more valuable interest than such interest subject to the lien of the mortgage herein. Under the vendor's lien, the property must have been sold through court pro-

ceedings, and on a credit or subject to redemption. Thompson's-Shannon's Code, sections 5329, 6306. Under the mortgage, the property could have been sold for cash, free from redemption, and it was sold in this manner. The security to which the complainants' lien had attached therefore would have been rendered less valuable by the attempted change of the character of the purchase money lien resting thereupon.

But aside from what has just been said, under our registration statutes, the trust deed was null and void as to complainants' lien, and no rights could be acquired under such trust deed superior to the rights of the complainants in the land.

We are referred to *Bryant* v. *The Bank,* 107 Tenn., 560, and other cases showing the inapplicability of the registration statutes to creditors of the vendee. Setliffe and wife, however, were not the vendees in so far as this trust deed was concerned but were the vendors.

The petition for *certiorari* is denied.