HENDERSON et al. v. WATSON et al., No. 3.—160 S. W. (2d), 429.

Eastern Section. November 5, 1942.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

White & Leonard, of Knoxville, for appellant S. R. Henderson.
Donaldson, Montgomery & Baugh, of Knoxville, for appellee Builders' Supply Co.

McAMIS, J.   S. R. Henderson, one of the complainants below, has appealed from a decree holding the lien of a recorded deed of trust superior to his mechanic's lien for labor. The Chancellor was of opinion and held that one claiming a lien for work done or materials furnished a subcontractor who failed to record a sworn statement of the amount due as required by Code, Section 7929, is not entitled to

priority over a deed of trust executed and recorded before the expiration of the time limit for recording such mechanic's lien. This question is to be decided upon facts not in dispute.

On March 1, 1940, Samuel Henderson Watson, the owner of the lot here involved, contracted with one O. T. Alley to construct a dwelling thereon. Visible commencement of construction began on February 29, 1940, or March 1, 1940. On March 8, 1940, Watson executed a deed of trust encumbering the property to secure Builders Supply Company for materials to be furnished. The deed of trust was recorded in the office of the Register of Deeds of Knox County on the same date. The house was completed on or about June 6, 1940. Without having filed a sworn statement of his claim as required by statute, complainant filed the original bill on June 24, 1940. On August 19, 1940, the bill was sustained as a general lienor's bill.

Section 7929 provides as follows:

"Such liens shall have precedence over all other subsequent liens or conveyances during such time; provided, a sworn statement of the amount due and/or approximating that to accrue for such work, labor, or materials, and a reasonably certain description of the premises, shall be filed, within said first mentioned period of ninety days, with the county register, who shall note the same for registration, and put it on record in the lien book in his office, for which he shall be entitled to fifty cents, and also twenty-five cents for registering the affidavit to the same, which sums shall be paid by the party filing the same; but said fees shall be receipted for on the statement of account, and shall be part of the indebtedness or charge secured by the lien, and this registration shall be notice to all persons of the existence of such lien."

A mechanic's lien exists only by virtue of the provisions of the statute. McDonnell v. Amo, 162 Tenn., 36, 41, 34 S. W. (2d), 212. By the express terms of the statute quoted above, such liens are given precedence over other liens or conveyances "provided" the provisions of the statute with respect to filing a sworn statement of the claim are followed. In this case the claim was never filed for registration as required and we think the Chancellor was correct in denying it priority over a recorded deed of trust.

In McDonnell v. Amo, supra, the necessity for placing the lien claim on record as required was likened to the principle followed in construing statutes requiring notice to municipalities of accidents and to employers in compensation cases, generally regarded as mandatory and a necessary prerequisite to the institution of suit. See cases cited in the opinion, page 40 of 162 Tenn., page 213, of 34 S. W. (2d). The court then quoted with apparent approval an authoritative statement that: "The filing of the instrument is necessary to establish, perfect, preserve, and enforce the lien." And the Court concluded: "A materialman's lien is altogether statutory, and, when

the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of this court to waive its provisions or substitute others. Furthermore, our Registration Statute provides that, before any instrument can be recorded, it must be acknowledged. Shannon's Code, sec. 3712. Under the statute here involved it was intended that the statement of the amount due should be supported by affidavit, in the absence of which it would not be entitled to registration. A. J. Cook filed a statement of his account with the register, but it was not entitled to be registered because not verified, and for this reason the Court of Appeals were correct in denying this claim.''

In that case, as in this, the contest was one between a mechanic's lien claimant and a mortgagee claiming under a recorded instrument. In this case it is insisted that the mortgagee had notice of the claim here asserted because the deed of trust was recorded after visible commencement of the work and, under the holdings of the courts in this State, the lien of the laborer relates back to that date. In the McDonnell case it appears that the mortgagee had actual notice of the claim of the materialman and the claim was there made that a literal compliance with the statute would have served no useful purpose. This contention, however, was rejected upon the theory that the filing of the instrument for recordation was necessary to perfect and enforce the lien.

The holding of the Chancellor is further supported by the holding in Conger Lumber & Supply Co. v. White et al., 17 Tenn. App., 206, 66 S. W. (2d), 999. In that case Code, Section 7927 (then Shannon's Code, Section 3540), requiring the giving of notice to the owner's within ninety days after the completion of the work was involved. The lien claimant in that case, as here, failed to pursue the provisions of the statute and instituted suit within the ninety day period. It was held that, because of the failure to give the notice required, the claimant never acquired an ascertable lien for the materials furnished. It is true a different section of the Code was involved but the principle is the same.

''A materialman's lien not filed within the statutory period after the last item is furnished upon the account is void.'' L. D. Mitchell v. Schulte et al., 142 Ark.; 446, 222 S. W., 365, 10 A. L. R., 887. To the same effect are Fleming v. Greener, 173 Ind., 260, 90 N. E., 72, 73, 140 Am. St. Rep., 254, 21 Ann. Cas., 959; Becker v. Hopper, 22 Wyo., 237, 138 P., 179, Ann. Cas. 1916D, 1041; Eadie-Douglas v. Hitch, Ann. Cas. 1913E., 1046.

It is earnestly insisted in behalf of appellant that the filing of the bill and the attachment of the property within the ninety day period obviated the necessity of filing the claim for recordation. We think this insistence untenable. As pointed out, the provisions of the statute provide an exclusive method which must be followed before the claim to

a lien under the statute can be maintained. The same contention was made and overruled in Conger Lumber Co. v. White, supra.

It is insisted that the Chancellor erred in not following Brantingham v. Beasley, 2 Tenn. App., 598. We have carefully examined the opinion in that case and find that it was decided largely, if not entirely, upon the principles of lis pendens. In any case, we think the Chancellor was correct in following the holding in McDonnell v. Amo, supra, decided January 17, 1931, and that the holding in that case is likewise binding upon this Court.

The foregoing, we believe, disposes of the contentions made by the assignments of error and it results that the assignments must be overruled and the decree of the Chancellor affirmed.

Portrum and Ailor, JJ., concur.