# FIRST STATE BANK et al. v. STACEY et al.—261 S. W. (2d) 245.

Middle Section.  December 12, 1952.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

Petition for Rehearing denied July 17, 1953.

224

G. E. White, of Lewisburg, for appellant Lee Turner.

C. R. Watters, of Lewisburg, for appellant Moore-Handley Hardware Co.

Forrest Gates, of Lewisburg, for appellee First State Bank et al.

FELTS, J.   Reavis B. Stacey and wife Wylene Stacey undertook to build for themselves a dwelling house on a small parcel of land near Chapel Hill.  They began this work in April, 1950, and on June 26, 1950, while the house was under construction, they made a mortgage trust deed to secure their note to the First State Bank in the sum

of $10,000. The trust deed was acknowledged June 27 and recorded July 1, 1950.

They were unable to complete the house as planned, and complainant bank and the trustee filed the bill herein as a general creditors' bill and to have the liens ascertained and the rights of the parties fixed. The bill was sustained as a general creditors' bill and all creditors required to present and prove their claims in this suit. A receiver took charge of the house and lot and sold it at public auction for $9,750, which he holds in lieu of the property and subject to the same liens as rested on the property.

On a reference the Master made a report of the creditors, their claims, and priorities. He reported that complainant bank, under its deed of trust, had a valid lien for some $11,000, subject to such mechanics' and furnishers' liens as were proved according to the statutes. He denied a number of claims for such liens because no statement of them had been filed in the register's office within the ninety day period prescribed by the statutes.

The Chancellor confirmed the Master's report, overruling exceptions of a number of claimants to liens. Among these were Lee Turner, who claimed a lien for materials and labor furnished in the amount of $364.95, and the Moore-Handley Hardware Company, which claimed a lien for materials furnished in the sum of $1,255.59. Each of these two claimants appealed.

We first consider Turner's claim. In his sworn petition he stated that during the first fifteen days of June he contracted with the Staceys to furnish the fixtures and wire the house for electricity; that he began this work before June 21, 1950, and furnished materials and labor to the amount of $364.95, for which he claimed a lien; and that on November 20, 1950, he filed a statement of

his claim of a lien in the register's office of Marshall County.

In his deposition, however, he stated that he contracted with the Staceys in April, 1950, to do the plumbing and wiring of the house and to furnish such materials as Stacey did not already have on hand for this work. He said he began this work in April, 1950, and completed all of it by June 10, 1950, except three days labor, two of which were done in July and the other in August, 1950; and that his bill amounted to $364.95.

Thus it appears that he had an oral contract with the Staceys under which he furnished the materials and the labor for which he claims a materialman's lien. Being an oral contract, of course, it was not, and could not be recorded in the lien book of the county register's office, as provided in Code section 7918. Nor was there any evidence offered by Turner to prove that he had filed any statement of his claim in the register's office as required by Code section 7919. So the Chancellor properly denied his claim for a lien. McDonnell v. Amo, 162 Tenn. 36, 34 S. W. (2d) 212; Brown v. Brown & Co., 25 Tenn. App. 509, 160 S. W. (2d) 431; Henderson v. Watson, 25 Tenn. App. 506, 160 S. W. (2d) 429; Hamilton Nat'l Bank v. Long, 189 Tenn. 562, 568, 226 S. W. (2d) 293.

It is insisted for Turner, however, that his claim for a lien should not have been denied for failure to file a statement of it in the register's office. The argument is that a furnisher or materialman dealing directly with the owner, as Turner was, is not required to register his claim, because Code section 7919 does not apply to such a case.

It is true it was not necessary for him to register his claim in order to preserve his lien as against the owners. But he is seeking to enforce his lien against the mort-

gagee, as a subsequent encumbrancer. Section 7919 expressly provides that in order to preserve his lien against subsequent bona fide purchasers or encumbrancers, the materialman who has not registered his contract under section 7918, shall file a statement of his lien in the register's office within the ninety day period prescribed. Failure to do this results in loss of his lien, as against subsequent bona fide purchasers or encumbrancers. McDonnell v. Amo, supra; Brown v. Brown & Co., supra.

■ Appellant further insists that he was not required to register his claim within the ninety day period as fixed by the Chancellor. His argument is that his contract required him to do the wiring and plumbing of the house; that he could not complete this work until after the house was fully completed; and that since the house was never finished the time had not arrived when he was required to file his claim for a lien in the register's office and it was error to deny his lien on account of his failure to file it.

Section 7919 requires such a claim to be filed and defines the time for filing it by this language: "Such filing for record is required to be done within ninety days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated or he is discharged, prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration." Code sec. 7919.

Thus it fixed one of two alternative periods for such filing: (1) within ninety days after the building is demolished, altered, or completed; or (2) within ninety days after the claimant's contract expires or is terminated or he is discharged. Where the building is completed he may file his claim within ninety days thereafter. But

where it is not completed he must file his claim within ninety days after his contract is terminated. Cf. Bird Bros. v. Southern Surety Co., 139 Tenn. 11, 15-16, 200 S. W. 978.

Since the house was never completed, appellant was required to register his claim within ninety days from the completion or termination of his contract, which occurred in August, 1950, according to his own proof. But as stated there was no proof that he filed his claim within ninety days from that time. Upon this ground the Chancellor properly denied his lien.

Criticism is made of the Master's report. The report stated that though plaintiff's proof did not show that his claim was filed within time, the claim itself, as it appeared on the lien book, did show that it was filed more than ninety days after the date of the last item. It was not proper for the Master to look to the lien book, since neither it nor a certified copy had been put in the proof. But no harm resulted to appellant since he had offered no proof of the filing of his claim.

■ Appellant attempts to assign error on the Chancellor's decree establishing the claim of complainant bank as mortgagee. It appears, however, that this decree was based on an oral hearing and that no bill of exceptions was preserved. There is, therefore, a conclusive presumption that the Chancellor's findings and decree were correct. Spivey v. Reasoner, 191 Tenn. 350, 233 S. W. (2d) 555.

■ Appellant also undertakes to assign error on the action of the Chancellor in overruling his petition to rehear filed after the entry of the final decree. A rehearing in equity is not a matter of right but is addressed to the sound discretion of the Chancellor and his exercise of such discretion cannot be assigned for error or reviewed in an appellate court. McClister v. Milligan, 1 Tenn. App.

258, 261; Capshaw v. Town of Cookeville, 185 Tenn. 96, 99-100, 203 S. W. (2d) 369, 371.

Appellant Moore-Handley Hardware Company made an oral contract with Stacey in April, 1950, "to furnish materials as he required and ordered them from us." From April to June 1, 1950, appellant furnished materials to the amount of about $1,500, for which it received payment. All the items for which it claimed a lien were furnished between June 1, 1950, and July 17, 1950, except one light fixture furnished August 10, 1950. As stated, the sum for which a lien is claimed is $1,255.59.

Appellant insists that it had a right to rely on the record title of the Staceys as the owners of the property in fee; that as a materialman its lien on the property related back to and took effect from the "time of the visible commencement of operations"; and that it, therefore, had a valid lien prior to the time of the execution and recording of the mortgage. For this, it relies on Thomas v. Setliffe, 160 Tenn. 689, 28 S. W. (2d) 344.

It is true that appellant had a right to a lien, or an inchoate lien, dating from the visible commencement of operations, which would be superior to the rights of subsequent purchasers and encumbrancers. But the continuance of this right, or inchoate lien, depended on appellant's taking the steps required by the statute for the preservation and enforcement of the lien. One of such steps was the filing of the claim for a lien in the office of the register as required by Code Section 7919.

In Thomas v. Setliffe a mechanics lien was held superior to the lien of a deed of trust made before, but not recorded until after, the beginning of the work and delivery of the materials. But that case was decided prior to Code section 7919, which originated with the Code of 1932, and which requires a materialman dealing directly with

the owner to register his lien within the ninety days prescribed in order thereafter to preserve such lien against subsequent bona fide purchasers or encumbrancers.

Appellant undertook to comply with the statute by filing a statement of its claim for lien in the register's office on January 24, 1951. But this was more than ninety days after August 10, the date of the delivery of the last item of material, the date of the completion or termination of appellant's contract. Its failure to register its claim in time resulted in its loss of its lien, as shown by the authorities above cited.

■■ Appellant also assigns error on the action of the Chancellor in overruling its petition to rehear. It appears that it filed its petition after it perfected its appeal. The Chancellor held that this took the case out of his jurisdiction and removed it to this Court. This was correct. Moreover, refusal to grant a rehearing is not reviewable on appeal. Capshaw v. Town of Cookeville, supra.

Appellant argues some other matters which we have fully considered and found to be without merit.

All of the assignments of error of both appellants are overruled and the decree of the Chancellor is affirmed. The cause will be remanded to the Chancery Court for further proceedings not inconsistent with this opinion. The costs of the appeals are adjudged one-half against Lee Turner and the surety on his appeal bond and the other half against Moore-Handley Hardware Company and its cash deposit in lieu of appeal bond.

Howell and Hickerson, JJ., concur.