# SOUTHERN BLOW PIPE & ROOFING CO. v. GRUBB et al.
## McKENZIE v. GRUBB et al.—260 S. W. (2d) 191.

Eastern Section.   January 8, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

642

Frank N. Bratton, of Athens, for appellants.

Candler & Hitch, Duggan & Washington and Kenneth D. Higgins, all of Athens, for appellees.

HOWARD, J. These consolidated causes involve contests between materialmen and the holder of three deeds of trust as to which has superior liens on a lot and apartment house constructed by the lien debtors, W. E. Grubb, Jr., and wife, Madeline Grubb. The Chancellor held that the liens of the materialmen were superior, and the holder of the deeds of trust, Athens Federal Savings & Loan Association, a corporation, and Paul J. Walker, trustee therefor, have appealed.

In 1947, it appears that Grubb and his wife undertook the construction of a four-unit apartment house on a lot owned by them in Athens, Tennessee, and lacking funds with which to finance the project the Athens Federal Savings & Loan Association, hereinafter referred to as Loan Association or Association, through its Secretary-Treasurer, Paul J. Walker, agreed to lend them the money by taking as security therefor a deed of trust on the lot and improvements.

Accordingly, on September 2, 1947, before construction of the building began, the Association made a loan to the Grubbs in the amount of $5,500. Construction of the building started about December 1, 1947, and whether the original agreement between the parties provided that the loan should be increased as construction progressed was not disclosed. It appears, however, that this was done, and the following additional loans were made:

January 21, 1948             $11,000.00

May 28, 1948 (Final or G. I. Loan)    $13,500.00

Each of the above loans was secured by a deed of trust and recorded in the Register's Office of McMinn County on the date the loan was made. It appears that each successive loan was treated as a separate transaction as no reference was made in any of the deeds of trust to the preceding loan or loans, nor were any of the deeds of trust released of record. It was admitted that the Grubbs' total indebtedness to the Association amounted to only $13,500.

On December 1, 1947, it appears that Grubb signed a written contract with one of the appellees herein, Southern Blow Pipe & Roofing Company, of Chattanooga, Tennessee, hereinafter referred to as Roofing Company, by which the latter agreed to furnish for the building "the necessary work, labor and the materials for the erection or installation of Perma-Stone," described by witnesses as being "a form of glorified stucco," consisting of sand, cement and colored mortar. The materials and labor were to be furnished on a "time and materials basis." The job took about two weeks and was completed sometime between January 15 and March 15, 1948, at a total cost of $1,526.30, which Grubb refused to pay, giving as his reasons that he had been overcharged and defective workmanship. Later, on August 23, 1948, the Roofing

Company gave the Grubbs "notice of claim of lien" for the indebtedness, and had same recorded on said date in the Register's Office of McMinn County. Subsequently, on October 25, 1948, the Roofing Company filed its original bill herein against the Grubbs, the Loan Association and Paul J. Walker, trustee therefor, to enforce its lien by sale of the property, and among other things to have its lien declared superior to the deeds of trust held by the Association.

Meantime on August 25, 1948, appellee herein, J. E. McKenzie, d/b/a McKenzie Paint &. Wallpaper Store of Athens, Tennessee, hereinafter referred to as McKenzie, gave the Grubbs written notice of his claim amounting to $151.86, and on the said date had same recorded in the Register's Office of McMinn County. This claim was for materials purchased by Grubb under special contract and delivered between March 10 and May 27, 1948.

On November 10, 1948, a second bill was filed against the four defendants named in the bill previously filed by the Roofing Company, and also against the Roofing Company, by appellee McKenzie, in which it was alleged that he had furnished the Grubbs, under special contract, certain materials for the construction of their apartment house, for which he had not been paid, and that on August 25, 1948, within 90 days after the materials were furnished and the building was completed, a notice of his lien was recorded in the Register's Office of McMinn County; that the suit of the Roofing Company then pending in Court was for the benefit of the Roofing Company only, and that there were other unpaid materialmen holding similar liens against the property.

Complainant prayed that he be allowed to file his suit in the nature of a general lien creditor's bill and that the suit of the Roofing Company be consolidated therewith,

and that other lien creditors be allowed to prove their claims and demands; that he have a decree for the $151.-86, and that a lien be declared on the property superior to the deeds of trust held by the Loan Association; that suits by all other creditors be enjoined and publication made as to them.

On December 16, 1948, the Chancellor entered an order consolidating the causes and sustaining complainant's bill as "a general lien creditor's bill." Other lien creditors were enjoined from filing suits, and the Clerk & Master was ordered to make publication for all lien creditors to file their claims in accordance with the Statute.

After answers were filed by each of the defendants the causes were referred to the Master, who subsequently filed a report listing the names and amounts of the creditors filing claims. Numerous exceptions to the Master's report were filed by the Grubbs, the Loan Association and Walker, trustee therefor, some of which were sustained while others were overruled. Many liens claimed by creditors were disallowed because of their failure to have same recorded as required by law. However, these creditors were awarded a decree for the amount of their claims against the Grubbs, and neither they (the creditors) nor the Grubbs have appealed therefrom.

On overruling the exceptions filed to the Master's report by the Loan Association and Walker, trustee therefor, to the claims of appellees, Roofing Company, McKenzie and W. J. McLendon d/b/a McLendon Supply Company, and hereinafter referred to as McLendon, a decree was entered for the amount of their claims, and to secure the payment of same, their liens were declared superior to the $13,500 deed of trust held by the Association. From the decree only the Association and Walker,

trustee therefor, appealed, and errors have been assigned which will hereinafter be considered.

The Sections of our 1932 Code applicable to the instant case are summarized as follows:

Section 7914 gives to furnishers a lien on the property for materials furnished by contract with the owner.

Section 7915 provides that the lien relates to and takes effect from the time of visible commencement of operations.

Section 7916 provides that the lien extends to and only to, owner's title at the time of visible commencement of operations.

Section 7917 provides that the lien shall continue for one year after the work is finished or materials furnished and until final decision of any suit brought within such time.

Section 7919 provides that as the lien applies to the owner, it need not be recorded, but   *   *   *   as concerns subsequent encumbrancers without notice thereof the lien must be recorded within 90 days after the building is completed or the contract of the lienor is terminated.

Section 7924 provides that upon the lienor giving 10 days notice to the holder of a mortgage in existence prior to commencement of operations and the mortgagee consenting thereto, the lien shall have priority over the mortgage, and upon failure of the mortgagee to object in writing within 10 days after receipt of this notice, his consent shall be implied.  Appellees admit that this Section of the Code was not complied with.

■ Thus, in the instant case, it would appear that all liens if duly recorded would relate to and be effective as of December 1, 1947, the date of commencement of operations.  Section 7915.  McDonnell v. Amo, 162 Tenn. 36, 34 S. W. (2d) 212; Brown v. Brown & Co., 25 Tenn.

App. 509, 160 S. W. (2d) 431. And the appellees having failed to give written notice to the Association as required by Section 7924, their claims would extend only to the interest of Grubb on December 1, 1947, Section 7916, and would be subject to the Association's deed of trust recorded on September 2, 1947. Their suit having been brought within one year after all of the materials were furnished, Section 7917, all liens would be enforceable against the interest of Grubb irrespective of whether or not they were recorded. Section 7919.

As respects subsequent encumbrancers without notice thereof (after December 1, 1947), all liens must have been recorded within 90 days after the respective lienors furnished their last materials. Section 7919. The provision of this section providing in the alternative for recording of liens within 90 days after completion of the building cannot be invoked because there is no proof by appellees as to when the building was completed.

We shall now consider the appellants' assignments of error, taking up the claims of the appellees in the order in which they were filed.

### Roofing Company's Claim

It is insisted on behalf of the appellants that the Chancellor erred in holding that the lien of the Roofing Company was superior to the Association's $13,500 deed of trust and the Association's other deeds of trust, because (1) all of the deeds of trust held by the Association were recorded prior to the lien of the Roofing Company; (2) that said Company's lien was recorded more than 90 days after the material was furnished and the labor performed, and (3) the Association had no notice of said lien until after it was recorded.

■ As previously pointed out, the materials were furnished and the labor performed sometime during the period between January 15, 1948 and March 15, 1948. Grubb testified that the work was completed six or eight weeks prior to May 21, 1948, when he received a letter from the Roofing Company demanding payment of the claim, and his testimony was undisputed. Furthermore, there is no proof that the Association had notice, either actual or constructive, of the Roofing Company's contract prior to either January 21, 1948, or May 28, 1948, the dates of the second and third deeds of trust. In a proceeding to enforce a mechanic's lien, the claimant has the burden of proving his lien, and the burden was upon the Roofing Company to show notice on the part of the Association. Brown v. Brown & Co., supra. 57 C. J. S., Mechanics' Liens, Sec. 308, p. 959.

■■ According to the undisputed testimony of Walker, the Association was not informed of the Roofing Company's claim until the summer of 1948 after it had been placed in the hands of an attorney for collection. This was subsequent to May 28, 1948, the date of the third deed of trust, because the record shows that the Roofing Company on July 26th mailed to Grubb a note which he refused to sign. Hence, the recording by the Roofing Company of its lien on August 23, 1948, was more than 90 days after the completion of its contract, and was not within the time required by the Statute. Code Section 7919. Statutory provisions relating to materialmen are mandatory, and lien filed after period allowed thereby is void. Brown v. Brown & Co., supra.

[5] Nor does the proof show that the Roofing Company's lien was recorded within the 90 days required after the building was completed. In fact the Roofing Company failed to introduce any proof as to when the

building was completed, and in the brief filed in behalf of the Company it is admitted that the work on the building "was not completed for many months after the filing of the Blow Pipe Company's lien. * * * that the work was not completed until December, 1949." Recording of lien by lienor more than 90 days after furnishing labor and materials, but before completion of the building, is not a recording within either of the two specified periods designated by the Statute. Code Section 7919; Cole Mfg. Co. v. Falls, 92 Tenn. 607, 22 S. W. 856; Bird Brothers v. Southern Surety Co., 139 Tenn. 11, 200 S. W. 978; Oliver King Sand & Lime Co. v. Sterchi, 7 Tenn. App. 647. Therefore, for reasons indicated, we hold that all the deeds of trust held by the Association are superior to the lien of the Roofing Company, and that the learned Chancellor erred in holding to the contrary.

## McKenzie Claim

Appellants have filed assignments to this claim similar to those made in the preceding claim, and in addition thereto have raised certain questions involving the validity of the written notice which, though raised in the preceding claim, were not considered because of the conclusions reached.

[6] Inasmuch as McKenzie recorded his lien on August 25, 1948, exactly 90 days after delivery of the last materials on May 27th, his lien, provided the notice was valid, took priority over the Association's deeds of trust recorded January 21 and May 28, 1948, and would "relate to and take effect from the time of the visible commencement of operations," December 1, 1947. Brown v. Brown Co., supra. Code Section 7915.

Appellants contend that the notice of lien which was recorded by McKenzie is fatally defective because (1) it

does not contain a reasonably certain description of the property; (2) does not contain an itemization or identity of the charges and dates that the materials were furnished, and (3) that for the lack of proper acknowledgment it was not entitled to registration. We find no merit in any of these contentions.

The recorded notice in question reads as follows:

"Furnishers Lien
"Bill Grubb, Jr.  State of Tennes-
    to  see, County of
"McKenzie Wall  McMinn, J. E. Mc-
Paper Store  Kenzie, first being

duly sworn, deposes and says that the following is a true and correct statement of the amount presently due his business as McKenzie Paint and Wall Paper Store for materials furnished Bill Grubb, Jr., by purchase of and contract with said Bill Grubb, Jr., for his use in connection of a stone apartment building owned by said Bill Grubb, Jr., and located on Park Avenue near the intersection of Hill Street in the City of Athens, Tennessee, March 10, 1948-May 27, 1948

$151.86

"J. E. McKenzie

"Subscribed and sworn to before me this 25th day of August, 1948. My commission expires 7/23/50. (Notarial Seal)

"Joe C. Washington, Notary Public."

■ ■ As will be observed, the notice describes the property as "a stone apartment building owned by said Bill Grubb, Jr., and located on Park Avenue near the intersection of Hill Street in the City of Athens, Tennessee." Our Statute, Code Section 7929, does not require that the premises be described in the notice in any partic-

ular manner. All that is required is "a reasonably certain description of the premises," and where the notice contains a description of the premises sufficient to inform one of ordinary intelligence as to what premises the notice refers to, it should be held that the law has been substantially complied with.

■ Nor does the law require that the notice shall specifically itemize the materials furnished, the dates of delivery, and the specific costs of each item. All that the law requires is "a sworn statement of the amount due * * * for such work, labor or materials," and no reference is made therein to an itemization of these matters. Here, as previously pointed out, the Statute prescribes no particular form of notice, and a substantial compliance therewith is all that is required.

■ Nor does the Statute prescribe any particular form of verification. Only "a sworn statement * * *" is required, and as may be observed McKenzie not only made oath "that the following is a true and correct statement of the amount presently due his business", but he also signed and acknowledged it before a Notary Public. This in our opinion was a sufficient acknowledgment and a substantial compliance with the Statute. To hold otherwise would be placing such a strict construction upon the Statute as to defeat its purposes. See 36 Am. Jur. (Mechanics Liens), Secs. 146, 147, 148, 149, 150, 151.

The foregoing conclusion renders it unnecessary to consider the other questions raised by the appellants as well as by the appellee, in connection with this claim.

## McLendon Claim

This claim amounts to $433.66, and is for materials furnished Grubb during February and March, 1948.

The record shows, and it was admitted, that the Association, through Walker, not only had notice that McLendon was furnishing Grubb materials, but that Walker encouraged him to furnish them. In February, 1948, after the Association's second loan to the Grubbs, it appears that McLendon refused to extend them further credit because Grubb had failed to pay some of his previous bills; that on said date Walker assured McLendon that his materials, if delivered, would be paid for by the Association; that the Association was going to make the Grubbs another loan out of which all bills for labor and materials would be paid. Subsequently McLendon delivered several orders to Grubb for which he was not paid by the Association when the promised loan was made on May 28, 1948, because, as stated by Walker, McLendon failed to submit a bill approved by Grubb before all of the funds of the loan were paid out.

Though McLendon failed to record his lien, he did not lose his right thereto, as under the law his lien on the owners' property continued for one year after the materials were furnished. Code Section 7917. Only claims of "subsequent purchasers or encumbrancers for a valuable consideration without notice thereof, though not as concerns the owner," become superior to a lien, and then only in the event the lienor fails to register his contract or record his lien within either of the 90 day periods provided by the Statute. Code Section 7919.

There was no proof showing that the Association had notice of McLendon's claim prior to January 21, 1948, the date of the second deed of trust, and it was subsequent thereto that Walker assured McLendon that he would be paid for his materials. Consequently we hold that McLendon's lien is subject to the Association's deed of trust dated January 21, 1948, but, bcause of notice, is

superior to the Association's deed of trust recorded May 28, 1948.

■ It appears that notice as used in Code Section 7919, which need not be in writing, refers to encumbrances after commencement of operations and should not be confused with notice required by Section 7924, which must be in writing and specifically refers to encumbrances already in effect upon commencement of operations. Nor should notice, as used in Section 7919, be confused with the written notice to the owner and recordation as to intervening encumbrancers, both within 90 days, as used in Section 7927 and 7929, which give a lien to subcontractors.

By way of historical note, it appears that the provisions of Section 7917 have been in effect since 1825, and, until the addition of Code Section 7919 by the 1932 Code Commission, all buyers of real estate bought at the risk of the existence of the mechanic's lien for a period of one year. While Code Section 7919 has never been construed by our appellate courts, it appears that encumbrancers with notice are expressly excluded from its application. The question of notice as used in this Section was indirectly approved by this Court in Brown v. Brown & Co., supra, in which Judge McAmis, speaking for the Court, said [25 Tenn. App. 509, 160 S. W. (2d) 434]: "The question is a new one and, if counsel for complainant deems proper, this Court will entertain a petition to remand the case for a trial upon that issue."

Having considered all of the assignments which we think are determinative of the issues involved, we accordingly classify the priorities as follows:

First: Loan Association's deed of trust dated September 2, 1947, for $5,500.

Second: J. E. McKenzie's claim—$151.86.

Third: Loan Association's deed of trust dated January 21, 1948, for $11,000.

Fourth: W. J. McLendon's claim—$433.66.

Fifth: Loan Association's deed of trust dated May 28, 1948, for $13,500.

Sixth: Roofing Company's claim—$1,526.30.

We find no merit in the appellants' insistence that the Chancellor erred in allowing interest on the claims from the date suit was filed. This matter was purely discretionary, and we think that the Chancellor properly exercised his discretion.

It results that the Chancellor's decree will be modified so as to conform with the views herein expressed and in all other respects will be affirmed, and the causes will be remanded for all necessary orders to enforce the liens of the respective parties. Costs accruing in this Court will be adjudged as follows: One-fourth against the Roofing Company, and three-fourths against the Association and Walker. Additional costs will be adjudged upon remand of the causes.

McAmis and Hale, JJ., concur.