**CONCRETE SUPPLY COMPANY OF OAK RIDGE, INC., Appellant,**

v.

**UNION PEOPLES BANK et al., Appellees.**

Court of Appeals of Tennessee, Eastern Section.

April 14, 1976.

Certiorari Denied by Supreme Court Aug. 6, 1976.

Philip P. Durand, Knoxville, for appellant.

W. Clark Meredith, Oak Ridge, for appellees.

OPINION

DAVID TOM WALKER, Special Judge.

The Plaintiff furnished concrete material to the owner-builder, Ridge Builders, Inc. to be used in certain construction work. The project was abandoned before completion. Ridge Builders placed deeds of trust on the property with the Defendant Union Peoples Bank. The Bank had no notice that Plaintiff had furnished materials prior to the date of the deeds of trust. The Plaintiff's lien was filed subsequent to the deeds of trust, but within 90 days of the abandonment by the owner. The Trial Court resolved the issue of the priorities of these lienholders in favor of the mortgagee. We affirm.

The following facts in this case were stipulated. Plaintiff contracted with the Defendant Ridge Builders to furnish concrete materials to be used in the construction of certain buildings owned by Ridge Builders. The materials were delivered and used as follows: Lot 2—$214.62; Lot 3—$539.10; and Lot 33—$1,276.34.

The deliveries of materials to the job sites began on the following dates: Lot 2—July 12, 1974; Lot 3—August 12, 1974; and Lot 33—July 3, 1974.

The delivery of material ceased more than 90 days prior to filing of Plaintiff's lien.

Union Peoples Bank, pursuant to the request of Ridge Builders, loaned monies upon the structures and took deeds of trust which were recorded as follows: Lot 2—August 2, 1974; Lot 3—August 26, 1974; and Lot 33—July 9, 1974.

Union Peoples Bank, being unaware that the Plaintiff had supplied construction materials to Ridge Builders, took the deeds of trust in good faith for a valuable consideration and without notice of Plaintiff's claim.

Subsequently, all work on the project was abandoned by Ridge Builders, with the buildings being unfinished.

Plaintiff filed its materialman's lien on the 7th day of March 1975, claiming that it was filed within 90 days of cessation of construction and abandonment.

Union Peoples Bank properly foreclosed its deeds of trust with the knowledge of Plaintiff on the 14th day of March 1975. Suit has been filed by Plaintiff to determine its rights as to Union Peoples Bank and Ridge Builders.

No answer or appearance having been made on behalf of Ridge Builders, a default judgment in the amount of the liens was awarded to Concrete Supply Company against Ridge Builders.

The only other evidence considered by the Trial Court was an affidavit by James L. Roberts, president of the plaintiff corporation. The affidavit spoke only of the inconvenience and hardships placed upon materialmen by T.C.A. 64–1112.

In order to protect himself under the statute, the materialman must file the lien "within ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, or the contract of the lienor expires or is terminated or he is discharged." A proper interpretation of this statute will determine the rights of these parties. The particular structure involved in this case was never completed, and the delivery of material ceased more than 90 days prior to the filing of the Plaintiff's lien.

In *First State Bank v. Stacey*, 37 Tenn. App. 223, 261 S.W.2d 245 (1952), this Court disposed of a similar factual situation as follows (37 Tenn.App. at 227, 261 S.W.2d at 247):

> Thus it fixed one of two alternative periods for such filing: (1) within ninety days after the building is demolished, altered, or completed; or (2) within ninety days after the claimant's contract expires or is terminated or he is discharged. Where the building is completed he may file his claim within ninety days thereafter. But where it is not completed he must file his claim within ninety days after his contract is terminated. Cf. *Bird Bros. v. Southern Surety Co.*, 139 Tenn. 11, 15–16, 200 S.W. 978.
>
> Since the house was never completed, appellant was required to register his claim within ninety days from the completion or termination of his contract . . . . But . . . there was no proof that he filed his claim within ninety days from that time. Upon this ground the Chancellor properly denied his lien. *Id.*, 261 S.W.2d at 247.

The Plaintiff insists that this Court's interpretation of T.C.A. 64–1112 was illogical and unrealistic and that it defeats the intention of the statute. It urges that the phrase ". . . demolished, altered, or completed," should be interpreted to include abandonment, so that a claim such as the one involved in this case would not be defeated.

The Supreme Court of Tennessee in *Bird Brothers v. Southern Surety Co.*, 139 Tenn. 11, 200 S.W. 978 (1917), interpreted Section 3540 of Thompson-Shannon's Code (presently T.C.A. 64–1115), which provides the same alternate periods for filing and giving notice of mechanic's liens as does Section 64–1112. The Supreme Court refused to hold that abandonment should be considered the equivalent of completion. *Chattanooga Lumber & Coal Corp. v. Phillips*, 202 Tenn. 266, 304 S.W.2d 82 (1957), held that statutes concerning mechanic's and materialman's

liens are to be construed in *pari materia.* These statutes are not to be considered independently of one another.

The doctrine of *stare decisis* requires this Court to affirm the action of the Chancellor.

The decree is affirmed with the cost taxed to the Appellant.

SANDERS and GODDARD, JJ., concur.