471 F.Supp. 13 (1977)
In re Harry L. GASTEIGER, Bankrupt.
In re Margaret E. GASTEIGER, Bankrupt.
Larry S. McCLANAHAN, Plaintiff,
v.
Rowland E. VERRAN et al., Defendants.
Nos. BK-2-76-200, 201.
United States District Court, E. D. Tennessee, Northeastern Division.
August 24, 1977.
*14 Ed E. Williams, Johnson City, Tenn., for bankrupt.

MEMORANDUM OPINION AND ORDER
NEESE, District Judge.
This is the remaining appeal from the judgment of the bankruptcy judge of this division. 11 U.S.C. § 67(c); Rule 801, Bankruptcy Rules. All parties were given an opportunity to be heard on oral argument. See order herein of August 1, 1977. Those arguments were heard by the Court on August 22, 1977.
The Court hereby ACCEPTS the findings of fact of February 15, 1977 herein of such bankruptcy judge. Rule 810, Bankruptcy Rules. The Court hereby ACCEPTS the conclusion of law of the bankruptcy judge therefrom that the plaintiff Mr. Larry S. McClanahan was a materialman-lien claimant against the real estate of the bankrupts Mr. and Mrs. Gasteiger. Supra. The Court hereby REJECTS the conclusion of law therefrom of the bankruptcy judge that Mr. McClanahan perfected and preserved his materialman's lien against such real estate.
Real estate of such bankrupts was improved. Mr. McClanahan filed on March 15, 1976 a notice of the completion of such improvement. T.C.A. § 64-1145. Therein, inter alia, the bankrupts were listed as the owners of the land involved, T.C.A. § 64-1145(a), and the name of Mr. McClanahan was listed as the person to whom "* * * parties entitled to the benefits of this chapter [title 64, chapter 11] may send notice of claims, * * *" T.C.A. § 64-1145(f).
It is not contended by Mr. McClanahan that he had previously registered his contract with the bankrupts, see T.C.A. § 64-1111, or a sworn statement, see T.C.A. §§ 64-1112, 64-1117. Accordingly, to protect the bankrupts from lien claims which had not been previously registered, the statutory notice was given for them by Mr. McClanahan. T.C.A. § 64-1145. Thereupon, Mr. McClanahan, claiming an unregistered lien for materials upon the property of the bankrupts described in the aforementioned notice of completion, and not previously having registered his contract or a sworn statement as aforesaid, was required to "* * * send [written notice thereof] by registered or certified mail to the person * * * and at the address designated in the notice of completion for receiving notice of claims, stating the amount of his claim and certifying that the claim [did] not include any amount owed to the claimant on any other job or under other contract. * * *" T.C.A. § 64-1147.
Mr. McClanahan failed to comply with the notice requirement of the statute cited immediately hereinabove within 10 days from March 15, 1976. His failure to mail as a lien-claimant such written notice timely so as to be received by himself, as such addressee, not more than 10 days after March 15, 1976 resulted in his lien rights as a claimant expiring at the end of the mandatory 10-day period. Idem. The statute allows of no exception where the person, firm, or corporation to which parties entitled to the benefits of T.C.A., title 64, chapter 11, may send notice of such claims is also a claimant.
The appellee Mr. McClanahan argued, and the bankruptcy judge concluded herein, that, as Mr. McClanahan was designated in the notice of completion of the improvement involved as the person to receive notice of claims under the aforecited statute, the failure of Mr. McClanahan to comply with the notice requirements thereof did not "* * * cut off [Mr.] McClanahan's rights subsequently to file a materialmen's lien. * * *" The bankruptcy judge reasoned: "* * * To deprive [Mr.] McClanahan of the materialman's lien to which he *15 is entitled under Tennessee statute would give other creditors of [the bankrupts] Gasteiger a windfall to which they are not entitled. * * *" This Court disagrees. Evidently, the bankruptcy judge undertook herein to minimize judicially the harsh operation of the statute in this instance by the application of equitable principles, so as to prevent the claimed unjust enrichment of creditors other than Mr. McClanahan at the latter's expense. Such is not the judicial prerogative.
Mr. Chief Justice Cooper has stated the pertinent rule succinctly for a unanimous Tennessee Supreme Court recently, as follows:
* * * A materialman's lien is statutory and, consequently, the requirements relating to its perfection and preservations are mandatory. * * * And, where the materialman fails to comply with any material requirement, he loses his lien and his priority over subsequent bona fide encumbrancers or purchasers. * * *
Tindell Home Center, Inc. v. Union Peoples Bank of Anderson County, Tennessee (Tenn., 1976), 543 S.W.2d 843, 844[1, 2], rehearing denied (1976). A statute is to be read in conjunction with its evident purposes. Equal Employment Op. Com'n v. Kimberly-Clark Corp., C.A. 6th (1975), 511 F.2d 1352, 1357[4], certiorari denied (1975), 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368. The evident purposes of T.C.A. § 64-1147 were (1) to provide for timely notice to the owner(s) and purchaser(s) of improved real estate of unregistered claims against it and to fix a time period in which the owner(s) and purchaser(s) would receive notices of such claims; and (2) to extinguish claims of which the owner(s) and purchaser(s) received no notice within the time-period so fixed.
It is the duty of courts to construe this statute so that no part of it will be inoperative, superfluous or insignificant. Tidwell v. Collins (Tenn., 1975), 522 S.W.2d 674, 676[10]. Thus, the giving by the claimant Mr. McClanahan of the required notice thereunder within 10 days from the filing of the notice of completion was a "material requirement" of the pertinent statute.
The facts found by the bankruptcy judge, that (1) the notice of completion was filed by Mr. McClanahan, (2) he was designated therein as the person to receive notice of claims and the respective amounts thereof, (3) he was the purchaser of the improved real estate, (4) he filed his notice of lien within the time prescribed by T.C.A. §§ 64-1101, et seq., and (5) other creditors of the bankrupts' estates may be unjustly enriched to Mr. McClanahan's detriment, do not (a) relieve the claimant Mr. McClanahan of having had to comply with the mandatory provisions of T.C.A. § 64-1147, or (b) reinstate his subordinate lien and priority. The judgment herein of February 24, 1977 of the bankruptcy judge of this division hereby is REVERSED, in so far as it adjudged that the claimed materialman's lien of the plaintiff Mr. Larry S. McClanahan on the real estate of the bankrupts in the amount of $7,876.17
stands and ranks equally with the materialman's lien of [the] defendant Triangle Supply Co., Inc. and is entitled to share pro rata with the lien of Triangle Supply Co., Inc.
Rule 810, Bankruptcy Rules. In all other respects, such judgment hereby is AFFIRMED. Idem.
Costs of this appeal will be taxed against the plaintiff Mr. McClanahan. Rule 811, Bankruptcy Rules. The clerk will perform the duties required of him by Rule 813, Bankruptcy Rules.