**POST–TENSIONED SYSTEMS, INC.,**
**Plaintiff-Appellant,**

v.

**COLLINS & HOBBS, INC., and Nazareth Literary & Benevolent Institution, Inc., d/b/a Memorial Hospital, Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

June 25, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

Arthur C. Grisham, Jr., of Smith & Grisham, Chattanooga, for plaintiff-appellant.

Richard B. Gossett and Michael S. Drews, of Thomas, Mann & Gossett, P.C., Chattanooga, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff supplied materials in the amount of $33,559.71 to a subcontractor of the prime contractor, Collins & Hobbs, who constructed an office building and parking lot complex at Memorial Hospital in Chattanooga. This suit seeking to recover from the prime contractor and hospital was dismissed by the chancellor who concluded plaintiff had failed to give its notice of lien within ten days of defendants' filing of a notice of completion, pursuant to *T.C.A.*, § 66–11–143.

The stipulated evidence establishes the prime contractor paid the subcontractor for the materials but the subcontractor bankrupted before paying plaintiff. Defendants filed a notice of completion in the Hamilton County Register's Office on April 3, 1981, and on April 14, 1981, defendants filed another notice of completion identical to the first except the legal description of the construction site was attached. Plaintiff gave a notice of lien on April 23, 1981.

The chancellor held plaintiff's lien was extinguished because the requisite notice was not given within ten days of the notice of completion filed on April 3, 1981. *T.C.A.*, § 66–11–143 provides, in pertinent part:

*Protection from unregistered liens— Notice of completion after improvements—Expiration of certain lien rights.* —(a) In order to be protected from lien claims which have not previously been registered as provided in §§ 66–11–111, 66–11–112, and *66–11–117,* the owner or purchaser of improved real property may upon completion of the improvement or the demolition thereof register in the office of the register of deeds in the county where the real property or any affected part thereof is located a notice of completion, or the owner or purchaser may require a person or organization with whom he has contracted for the improvements or demolition to do so upon completion of the structure or improvement or demolition.

.    .    .    .    .

(d) Any person claiming a lien for labor or materials upon the property described in the notice of completion who has not previously registered his contract as provided in § 66–11–111 *or registered a sworn statement as provided in* § 66–11–112 or *§ 66–11–117* shall send by registered or certified mail written notice addressed to the person, firm or organization and at the address designated in the notice of completion for receiving notice of claims, stating the amount of his claim and certifying that the claim does not include any amount owed to the claimant on any other job or under other contract.

*Such written notice shall be timely mailed so as to be received by the addressee not more than ten (10) days after the date of the filing of the notice of completion in the register's office, and if same is not received by the addressee within said time, the lien rights of the claimant shall expire.* [Emphasis supplied.]

Plaintiff argues, however, the ten-day period established by *T.C.A.*, § 66–11–143, is

inapplicable because § 66–11–115[1] is not specifically mentioned and the construction adopted by the chancellor places the two time periods in conflict, contrary to the general rules of construction requiring avoidance of conflicts when possible.

Although *T.C.A.*, § 66–11–143 does not specifically mention *T.C.A.*, § 66–11–115, reference is made to *T.C.A.*, § 66–11–117 which, in pertinent part, provides:

*Precedence of mechanic's lien—Registration of abstract.*—Such lien shall have precedence over all other subsequent liens or conveyances during such time; provided, a sworn statement of the amount due and/or approximating that to accrue for such work, labor, or materials, and a reasonably certain description of the premises, shall be filed, within the ninety-day period referred to in § 64–1115(b) ... with the county register, who shall note the same for registration, ...

■ When defendants filed the notice of completion, all lien holders, except those who had previously registered their liens, were required to give their notice within the ten-day period. The express reference to § 66–11–117 in *T.C.A.*, § 66–11–143 makes the holder of an unregistered mechanic's lien subject to the ten-day period. Accordingly, plaintiff's lien expired ten days following the filing of the notice of completion. The legislature intended to modify the lien statutes by enacting a procedure to expedite the determination of unpaid claims arising from the construction.

■ Plaintiff argues the second filing created another ten-day period. No authority is cited for this position and there is no statutory authority for reviving a lien upon the filing of another notice of completion.

Plaintiff further argues the second filing waives the first. Waiver is the intentional relinquishment of a known right. *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384 (1942). The filing of the second notice merely included a legal description of the property which was lacking in the original notice. We find no basis of waiver; moreover, plaintiff did not raise this theory below. *See Irvin v. Binkley*, 577 S.W.2d 677 (Tenn.App.1978).

■ Finally, as to the adequacy of description in the original notice, the description provided:

The real property is located in the First Civil District of Hamilton County, Tennessee and is further described as follows:

Work required by contract for Memorial Hospital Medical Office Building and Parking Deck

3 levels of Parking Space

2 levels of Office Space

Memorial Hospital 2500 Citico Avenue Chattanooga, TN

*T.C.A.*, § 66–11–143(b)(3) requires: "the location and description of the property" be included in the notice of completion. The chancellor held this description to be adequate. We agree. In *Southern Blow Pipe & Roofing Co., v. Grubb*, 36 Tenn.App. 641, 260 S.W.2d 191 (1953), the statute required "a reasonably certain description of the premises," and the court said the statute required "a description of the premises sufficient to inform one of ordinary intelligence as to what premises the notice refers

---

1. *T.C.A.*, § 66–11–115. *Mechanic's lien—Notice to owner.*—

(a) Every journeyman or other person contracted with or employed to work on the buildings, fixtures, machinery, or improvements, or *to furnish materials for the same,* whether such journeyman, furnisher, or other person was employed or contracted with by the person who originally contracted with the owner of the premises, or by an immediate or remote subcontractor acting under contract with the original contractor, or any subcontractor, shall have this lien for his work or material.

(b) *Within ninety (90) days* after the demolition and/or building or improvement is completed, or the contract of such laborer, mechanic, furnisher, or other person shall expire, or he be discharged, *he shall notify, in writing, the owner of the property* on which the building is being erected or improvement is being made, or *his agent or attorney, if he reside out of the county, that said lien is claimed.*

(c) Said lien shall continue for the period of ninety (90) days from the date of said notice ... and until the final termination of any suit for enforcement brought within that period. [Emphasis supplied.]

to," 36 Tenn.App. at 653.[2] The street address satisfies the location requirement and the description in the initial notice of completion would inform the average person as to the property involved in the construction project. The statute is remedial in nature and we find no legislative intent to require a legal description. *See Silverman v. Gossett,* 553 S.W.2d 581, 585 (Tenn.1977).

We affirm the chancellor and remand the cause with the costs of appeal assessed to plaintiff.

PARROTT, P.J., and GODDARD, J., concur.

---

**2.** In *Southern Blow Pipe,* the description was: a stone apartment building owned by said Bill Grubb, Jr., and located on Park Avenue near the intersection of Hill Street in the City of Athens, Tennessee.