**NOLAND COMPANY,**
**Plaintiff-Appellant,**

v.

**Thomas L. CRYE, et al.,**
**Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 12, 1986.

Permission to Appeal Denied by Supreme Court March 9, 1987.

Allison G. Ulin, Paty, Rymer & Ulin, P.C., Chattanooga, for plaintiff-appellant.

Roger E. Jenne, Jenne, Scott & Sellers, Cleveland, for John McNulty, et ux., Jack Byrd, et ux., and First Citizens Bank.

OPINION

FRANKS, Judge.

Plaintiff's action to enforce a lien on defendants' property pursuant to T.C.A., § 66–11–101, *et seq.*, was dismissed by the chancellor on the ground plaintiff's lien rights expired due to plaintiff's failure to give written notice of its claim within the time required by T.C.A., § 66–11–143.

Thomas and Peggy Crye ordered materials from plaintiff which were utilized in the construction of a multi-family complex in Bradley County, known as Georgetown Manor Apartments. On July 6, 1984, plaintiff shipped air conditioning and heating units to the property and, on August 15, 1984, the Cryes, as owners, transferred the property by deed to defendants Byrd and McNulty. On July 9, 1984, Thomas L. Crye, as owner and contractor, had filed a

notice of completion with the Register of Deeds on the project pursuant to T.C.A., § 66–11–143, and subsequent to the sale the purchasers, Byrd and McNulty, filed another notice of completion pursuant to the statute on September 12, 1984.

Upon trial, the chancellor determined the notice filed by Crye was filed before construction was substantially completed and was ineffective as to plaintiff's claim. However, the chancellor held the notice of completion filed on September 12, 1984, was valid and effective, since he determined construction had been completed by the filing date. The evidence does not preponderate against this determination. T.R. A.P., Rule 13(d).

T.C.A., § 66–11–143 authorizes either an owner or purchaser to file the notice of completion. This statute was enacted to facilitate the transfer of property and protects owners and purchasers from unpaid claims arising from construction by fixing a short period of time in which notice of such claims must be received or they are extinguished. *McClanahan v. Verran*, 471 F.Supp. 13 (E.D.Tenn.1977); *Post-Tensioned Sys. v. Collins & Hobbs, Inc.*, 640 S.W.2d 576 (Tenn.App.1982). Plaintiff did not file written notice within the ten days' period required by the statute and the testimony of plaintiff's witness reveals the reason:

> Q. Do you periodically check the Register's Office in outside [sic] counties outside of Hamilton County where you're doing business, or do you have other people check those for you?
>
> A. No, sir, we don't. So, we do not know when completions are filed.
>
> .    .    .    .    .
>
> Q. You do know now that the notice of completion was filed September the 12th, 1984 and your lien was filed October the 4th of 1984?
>
> A. Right.

■ Plaintiff argues, however, the notice filed by the purchaser is ineffective because it states an erroneous completion date. We cannot agree. As noted, the evidence does not preponderate against the chancellor's finding that the project had been completed by September 12, 1984 and, under T.C.A., § 66–11–143, the ten day written notice requirement runs from and "after the date of the filing of the notice of completion in the Register's Office" and not the "date of completion" stated in the "notice of completion." Since plaintiff did not give written notice in accordance with T.C.A., § 66–11–143(d), claimant's lien rights expired. Accordingly, we affirm the judgment of the chancellor.

■ Finally, plaintiff argues the chancellor erred in taxing a portion of the costs against plaintiff rather than taxing all costs to the Cryes. The judgment provided: "The cost, with reference to the claim against Crye, shall be taxed against the defendants Crye with the cost referrable to the plaintiff's claim against the defendants McNulty, Byrd, and First Citizens Bank being taxed against the plaintiff." The assessment of cost is within the sound discretion of the trial judge, which we conclude was properly exercised in this case. *See* T.R.C.P., Rule 54.04.

The case is remanded to the trial court with costs incurred on appeal assessed to appellant.

PARROTT, P.J., and GODDARD, J., concur.