**BANK OF AMERICA, N.A.**

v.

**Michael J. DAROCHA.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Assigned on Briefs May 1, 2007.

Filed May 24, 2007.

Permission to Appeal Denied by Supreme Court Sept. 17, 2007.

---

Michael James Darocha©, Mountain City, Tennessee, for the appellant Michael J. Darocha©™.

Karen S. Schnupp, Knoxville, Tennessee, for the appellee Bank of America, N.A.

### OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., joined.

The bank filed a complaint upon sworn account to collect a past due balance owed by defendant "Michael J. Darocha" on a credit card account. Mr. Darocha filed no responsive pleading to the bank's complaint, and the trial court entered default judgment against him. The trial court's judgment included findings that Mr. Darocha had a security interest in an entity designated "MICHAEL J. DAROCHA." Thereafter, a notice of appeal was filed on behalf of "MICHAEL J. DAROCHA©™." In the absence of any evidence that the entity "MICHAEL J. DAROCHA©™" was adversely affected by the trial court's judgment, the appeal is dismissed, and the judgment of the trial court is affirmed.

Bank of America, N.A. ("the Bank") filed a complaint on sworn account against Michael J. Darocha, alleging that Mr. Darocha owed the Bank $6,880.46, plus accrued interest as a result of his having defaulted on a credit card account he held with the Bank. Thereafter, a motion to dismiss the complaint was filed on behalf of "MICHAEL J. DAROCHA™ by Michael J. Darocha© Auth. Rep." There is no evidence in the record that Michael J. Darocha ever filed any responsive pleading to the Bank's sworn complaint on his own behalf. The matter was set for a non-jury hearing, after which the trial court entered default judgment "against the defendant" in the amount of $6,880.46, plus $4,518.58 interest and further ordered "that all costs of this cause shall be taxed against *the Defendant, Michael J. Darocha.*" Subsequently, a notice of appeal was filed by "Michael James Darocha©, Authorized Agent and Secured Party Creditor for the defendant, MICHAEL J. DAROCHA©™."

The sole issue we address is whether the entity designated "MICHAEL J. DARO-

CHA©™" had a right to appeal the trial court's judgment.

■ In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R.App. P. 13(d); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). The trial court's conclusions of law are accorded no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993).

■ We begin our analysis with the observation that there is neither a transcript of the proceedings below, nor an approved statement of the evidence included in the record before this Court. We have stated on prior occasion that "[w]here issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley v. Daniels,* 840 S.W.2d 367, 370 (Tenn.Ct. App.1992). *See also Houston v. Mounger,* No. E2002–00779–COA–R3–CV, 2003 WL 22415363, at *2 (Tenn.Ct.App.E.S., Oct. 23, 2003). Accordingly, in light of the absence of either a transcript or statement of the evidence in the instant matter, we must assume that the following factual findings set forth in the trial court's judgment are true and were adequately supported by the evidence presented at trial:

1. That the Defendant took out a security interest in himself.

2. That the Defendant appears today on the 18th day of August, 2006, before the Court and says that he is two different persons. He is appearing as a flesh and blood creation and also as an artificial entity which was created through the United States Department of Commerce. He denies that he is the artificial entity even though the real person, the flesh and blood creation, is known as Michael J. Darocha and the artificial entity is known as MICHAEL J. DAROCHA. Both have the same spelling and have the same address.

3. After careful consideration of the Financing Statement attached as Exhibit 1, the Court finds that the real person, Michael J. Darocha, has a security interest in the assets of the artificial entity, MICHAEL J. DAROCHA.

4. After careful consideration of the evidence presented and the oral arguments made today, the Court finds that the person in the flesh and blood appears today before this Court on behalf of the artificial entity, MICHAEL J. DAROCHA. The Court finds that the real person, Michael J. Darocha, is not a lawyer and, therefore, cannot represent the artificial entity, MICHAEL J. DAROCHA, in this matter.

These findings clearly constitute a determination by the trial court that "Michael J. Darocha" and "MICHAEL J. DAROCHA" are separate entities. Furthermore, as we have previously noted, in its assessment of costs, the trial court specifically identified the defendant in this case as "Michael J. Darocha," not "MICHAEL J. DAROCHA." However, although the final judgment in this case was against "Michael J. Darocha," the notice of appeal was not filed on behalf of "Michael J. Darocha," but rather, on behalf of "MICHAEL J. DAROCHA©™." Notwithstanding any questions regarding the validity of pleadings filed in this case by non-attorney Michael J. Darocha on behalf of the entity MICHAEL J. DAROCHA©™, it is our conclusion that the latter entity had no right to appeal the

trial court's judgment. We reach this conclusion based upon the fact that the judgment appealed from was not rendered against "MICHAEL J. DAROCHA©™," nor is there any proof that "MICHAEL J. DAROCHA©™" was adversely affect by such judgment. One has no right to appeal a judgment by which one is not adversely affected. *Chaille v. Warren*, 699 S.W.2d 801, 804 (Tenn.Ct.App.1985). Accordingly, we must conclude that this appeal is not properly before this Court and is without merit.

For the reasons stated herein, this appeal is dismissed, and the judgment of the trial court is affirmed. Costs of appeal are adjudged against the appellant MICHAEL J. DAROCHA©™.