IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 19, 2015 Session

**THERESA A. GREEN v. WILLIAM PHILLIP GREEN**

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVDV09240      Ross H. Hicks, Judge**

_____

**No. M2014-02278-COA-R3-CV – Filed January 29, 2016**
_____

In this divorce case, the wife proceeding pro se appeals the division of marital property and the trial court's denial of her request for alimony.  She also appeals the trial court's award of court costs.  She elected not to file a transcript or a statement of the evidence.  Because the wife's first two issues are factual in nature, the lack of transcript or statement of evidence prevents us from reaching the substance of the issues raised by the wife.  We find no abuse of discretion by the trial court in assessing court costs.  Accordingly, we affirm the judgment of the trial court.  We also find that the appeal is frivolous.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Theresa A. Green, Clarksville, Tennessee, appellant, pro se.

Edward E. DeWerff, Clarksville, Tennessee, for the appellee, William Phillip Green.

# MEMORANDUM OPINION[1]

## I. PROCEDURAL HISTORY

This case is before us on appeal for the second time. *See Green v. Green*, No. M2011-00840-COA-R3-CV, 2012 WL 2389607 (Tenn. Ct. App. June 25, 2012). On March 23, 2011,[2] the Circuit Court for Montgomery County, Tennessee, entered a final decree of divorce for Theresa A. Green ("Wife") and William Phillip Green ("Husband"). Among other things, the final decree distributed property and assigned responsibility for the payment of various debts to Wife or Husband and awarded Wife alimony *in futuro* of $1,100.00 per month beginning on April 1, 2011.

In the first appeal, Wife asserted that the trial court erred by "not mak[ing] an initial determination as to what constitutes marital and separate property" and by "declining to award the full amount of alimony *in futuro* that she requested." *Id.* at *2. We "remand[ed] the case for the trial court to classify the parties' property and debt as either marital or separate and to modify the division of marital property if necessary . . . ." *Id.* at *3. We also vacated the award of alimony *in futuro* and remanded for a reconsideration of the nature and amount of alimony awarded. *Id.* at *4-5.

On September 29, 2014, the trial court held a final hearing on the issues on remand. The court's order from the hearing reflects that the court considered "the testimony of the parties, the listing of marital assets, other pleadings and the entire record, particularly the prior Order of the Court deeming certain Requests for Admissions admitted, and imposing sanctions on [Wife] for her refusal to properly respond to discovery." On the property division, the trial court determined that all the property divided between Husband and Wife in its prior order constituted marital property. In doing so, the court apparently adopted the position of Wife.[3] The court also determined that, after considering the applicable statutory factors, *see* Tenn. Code Ann. § 36-4-121(c) (2014), its original division of the property was appropriate.

---

[1] *See* Tenn. Ct. App. R. 10.

[2] On June 13, 2011, the trial court entered an amended final decree of divorce, which modified the March final decree of divorce by changing the percentages of stock awarded the parties.

[3] The court's order states "Wife identifies all the property . . . as being marital property." In the first appeal, Wife took the position that certain property divided by the trial court was actually separate property. *See Green*, 2012 WL 2389607, at *3 ("Wife cites to testimony which indicates that certain property awarded by the court—such as the real property located in St. Louis, Missouri, an Edward Jones account, and a portion of the Southern Company stock—was owned by Wife before the marriage."). The change in position might be due to the fact that, several months after the remand, the trial court granted Wife's counsel leave to withdraw and, from that point on, Wife represented herself.

In reconsidering the nature and amount of alimony previously granted Wife, the court decided not to award Wife alimony. In reaching this determination, the court emphasized Wife's failure to respond to discovery propounded by Husband and its finding that Wife had concealed certain assets. The court also noted the lack of evidence concerning Wife's need for alimony and changes in Husband's ability to pay alimony. The court explained its rationale as follows:

> It has been alleged by Husband that Wife deliberately concealed assets from him at the time of the divorce. The Court finds that Wife has failed to properly respond to discovery concerning her failure to reveal those assets. She has also failed to properly respond to other discovery. During the hearing on September 29, 2014, Wife was asked why she had not revealed several specific stock holdings at the time of the divorce. Her response was that she "had told her attorney about it." The Wife's failure to respond to discovery in a timely manner is the primary reason that it has taken so long to get this matter to final hearing and has resulted in the Court deeming certain Requests for Admissions admitted. While the case has been pending on remand, Husband has closed his dental practice which was the most substantial asset he received in the property division. Husband is 78 years old, is unable to continue working and has limited income consisting primarily of Social Security benefits. Wife has produced no current Income and Expense Statement and it has been determined that the Income and Expense Statement she provided to the Court originally was not accurate. Furthermore, Wife has admitted to concealing assets from Husband as well as from the Court. After consideration of all the factors listed at Tenn. Code Ann. § 36-4-121(i) and specifically the matters enumerated herein concerning Wife's delay and deception, the Court finds that the Wife neither needs nor is the Husband able to pay alimony.

In this appeal, Wife raises three issues. As we perceive the issues,[4] Wife argues that the trial court erred in: (1) its division of the marital estate; (2) declining to award spousal support; and (3) taxing costs on remand equally.

---

[4] Wife's brief appears to be a copy of the brief she used in her first appeal with portions removed and interlineations. Husband urges us to dismiss the appeal on the basis that Wife's brief fails to comply with Tennessee Rule of Appellate Procedure 27. In this circumstance and given the record before us, we exercise our discretion to suspend the briefing rules with which Wife failed to comply. *See* Tenn. R. App. P. 2.

## II. DISCUSSION

In non-jury cases, the trial court's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). We review a trial court's conclusions of law de novo, with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013); *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012).

As we have noted, "[t]he absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). In such cases, there is a conclusive presumption that the factual findings set forth in the trial court's judgment are true and were adequately supported by the evidence presented at trial. *Bank of Am., N.A. v. Darocha*, 241 S.W.3d 510, 512 (Tenn. Ct. App. 2007). Consequently, when the issues raised on appeal turn on the facts presented at trial, the lack of a transcript or a statement of the evidence is generally "fatal" to the appeal. *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 WL 295237, at *4 (Tenn. Ct. App. Feb. 1, 2007).

In this case, both the first and second issues raised by Wife turn on the facts presented at the final hearing following the remand from this Court. We give the trial court's division of marital property great weight on appeal. *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998). We ordinarily defer to the trial court "unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007) (quoting *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996)). Unlike the first appeal, Wife has pointed us to no error of law or misapplication of the statutory requirements and procedures. Her arguments center on the evidentiary support for the classification and valuation of the property.

Much like the equitable division of a marital estate, "a trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (footnote omitted). Generally, we do not "second guess" a trial court's decision setting alimony "absent a manifest abuse of discretion." *Robertson v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002). A trial court abuses its discretion when it "causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski*, 350 S.W.3d at 105. The thrust of Wife's argument on spousal support is that the trial court erroneously assessed the evidence on remand by determining she had no need for support and Husband had no ability to pay support.

Given the nature of the arguments on appeal, Wife's election not to file a transcript or statement of evidence constrains us to affirm the trial court's division of property and decision not to award alimony. Although we recognize that Wife is a pro se litigant, we cannot excuse her from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). The appellant has the obligation to prepare a transcript "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal" or, absent that, a statement of the evidence. Tenn. R. App. P. 24(b), (c). Wife did neither.

The third issue raised by Wife relates to the assessment of court costs. The trial court awarded costs to be divided equally between the parties. The assessment of court costs lies within the discretion of the trial judge. *Noland Co. v. Crye*, 726 S.W.2d 531, 532 (Tenn. Ct. App. 1986). We find no abuse of discretion in the decision to award costs.

### III. ATTORNEY'S FEES ON APPEAL

Husband asserts Wife's appeal was frivolous, and he seeks an award of his attorney's fees as damages. Under Tennessee Code Annotated § 27-1-122 (2000),[5] an appellate court may award damages, including attorney's fees, against an appellant if an appeal is frivolous or taken solely for delay. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

We find this appeal to be frivolous. A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success." *Davis*, 546 S.W.2d at 586. An appeal has no reasonable chance of succeeding when our "ability to address the issues raised is undermined by the appellant's failure to provide an adequate record." *See, e.g.*, *Young*, 130 S.W.3d at 67. Such is the case here.

---

[5] The statute provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. We award Husband his attorney's fees and expenses incurred on appeal and remand this case for further proceedings consistent with this opinion.

_____
W. NEAL McBRAYER, JUDGE