# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 2, 2016

## JASON BAINE v. BRENDA WOODS

**Appeal from the Juvenile Court for Decatur County**
**No. 05-JV-237      Ricky L. Wood, Judge**
_____

**No. W2016-00583-COA-R3-JV – Filed May 24, 2017**
_____


A father appeals the denial of his petition to modify a permanent parenting plan. The juvenile court found no material change in circumstance had occurred sufficient to modify the primary residential parent designation. The court also denied the father's subsequent motion to alter or amend the judgment. Because the father failed to file a transcript or a statement of the evidence, we presume that the evidence presented at trial supported the court's determination that no material change in circumstance occurred. Therefore, we affirm both the judgment of the juvenile court and the denial of the father's motion to alter or amend the judgment to conform to the evidence presented at trial. We also find that this appeal is frivolous.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed and Case Remanded

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, Jason Baine.

K. Michelle Morris-DeLoach, Lexington, Tennessee, for the appellee, Brenda Woods.

# MEMORANDUM OPINION[1]

## I.

On January 2, 2007, the Juvenile Court for Decatur County, Tennessee, approved a permanent parenting plan for Landon, the child of Brenda Stout ("Mother") and Jason Baine ("Father"). The plan designated Mother as the primary residential parent and awarded Father 158 days of parenting time.

On May 8, 2013, the Tennessee Department of Children's Services filed a petition in the Juvenile Court for Henderson County, Tennessee, to adjudicate Landon and his half sister dependent and neglected and for an ex parte protective custody order based on an abuse report. The juvenile court issued an ex parte protective custody order that same day; the court removed Landon from Mother's home and temporarily placed him in Father's custody pending an adjudicatory hearing. At the preliminary hearing on May 29, 2013, the juvenile court found no probable cause for removing Landon from Mother's home and ordered custody of Landon returned to Mother under the terms of the existing permanent parenting plan.

On July 11, 2013, Father filed a petition in the Juvenile Court for Decatur County, Tennessee, seeking to modify the permanent parenting plan. Father alleged that a material change in circumstance had occurred such that the court should modify the primary residential parent designation. Father alleged several material changes, including the strained relationship between Landon and his stepfather, the removal of the half sister from Mother's home, and Mother's interference with Landon's counseling. Father also alleged that Mother did not allow Landon "to compete in equine competition on a regular basis." On August 1, 2013, Father also filed a motion for temporary custody, alleging that Landon suffered from anxiety and depression as a result of the environment of Mother's home.

Mother filed a response to Father's modification petition, denying that a material change had occurred, and a counter-petition for contempt. In her counter-petition,

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

Mother sought to have the court hold Father in contempt for alleged multiple violations of the permanent parenting plan.

The court heard evidence on Father's modification petition, his motion for temporary custody, and Mother's counter-petition for contempt over several days in 2014.[2] In a final order, issued on April 6, 2015, the court determined that no material change in circumstance had occurred that would justify a change in custody. The court also denied Mother's counter-petition for contempt and Father's motion for temporary custody.

On April 23, 2015, Father filed a petition to amend the court's order. Father asserted that the evidence at trial established that continued involvement in equine competitions was in Landon's best interest. According to Father, the court's order "may not allow the minor child to compete at the level that he has in the past engaged in and is scheduled to participate in this year and the years to come." Father requested that the court amend its order to include the equine competition schedule proposed at trial or to "adopt a plan to ensure that the minor child is not denied the time and opportunities to compete in these horse related races and shows."

The guardian ad litem, who was appointed in October 2013, filed a response to Father's motion and agreed that Landon would benefit from a set schedule for equine competitions and participation at the same level as in previous years.

Mother objected to Father's requested relief. According to Mother, Landon would also benefit from participation in a variety of other activities, and Father's requested relief would require her to use her parenting time solely for equine competitions.

The court denied Father's motion, and Father filed a timely notice of appeal.

**II.**

Father raises two issues on appeal: (1) whether the juvenile court erred in its determination that no material change had occurred sufficient to modify the primary residential parent designation; and (2) whether the juvenile court erred in denying Father's motion to alter or amend the judgment. Mother asks this Court to award her damages for a frivolous appeal.

---

[2] The record on appeal indicates that hearings were held on June 12, August 11, and October 6, 2014.

3

## A. MODIFICATION OF THE PRIMARY RESIDENTIAL PARENT DESIGNATION

The juvenile court's determination that no material change in circumstance occurred is a question of fact. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review findings of fact de novo on the record with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *id.* at 693. Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001).

We are unable to review the court's factual findings, however, because Father failed to file either a transcript or a statement of the evidence. The record on appeal consists only of the "technical" record (i.e. the parties' pleadings and the trial court's orders) and trial exhibits. As the party raising issues on appeal, Father was "responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised." *Word v. Word*, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996); *see* Tenn. R. App. P. 24 (providing for the filing of a transcript or statement of the evidence). The allegations of pleadings and statement of facts in briefs are not evidence and do not substitute for a transcript or statement of the evidence. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012).

"The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). In such cases, a conclusive presumption arises that the factual findings set forth in the trial court's judgment are true and were adequately supported by the evidence presented at trial. *Bank of Am., N.A. v. Darocha*, 241 S.W.3d 510, 512 (Tenn. Ct. App. 2007). Consequently, when the issues raised on appeal turn on the facts presented at trial, the lack of a transcript or a statement of the evidence is generally "fatal" to the appeal. *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 WL 295237, at *4 (Tenn. Ct. App. Feb. 1, 2007).

Father has raised no issue of law in this case. *See Flack v. McKinney*, No. W2009-02671-COA-R3-CV, 2011 WL 2650675, at *3 (Tenn. Ct. App. July 6, 2011) (noting that without an evidentiary record, an appellate court may only reverse the lower court's decision if the court committed an error of law). He simply argues that the preponderance of the evidence at trial supported a finding of a material change. Given the lack of an adequate record on appeal, we must conclude that the preponderance of the evidence supported the juvenile court's finding of no material change, and thus affirm the court's dismissal of Father's modification petition.

4

## B. FATHER'S MOTION TO ALTER OR AMEND THE JUDGMENT

We face the same problem in our review of the juvenile court's denial of Father's motion to alter or amend the judgment. We review the juvenile court's decision under an abuse of discretion standard. *In re Baby*, 447 S.W.3d 807, 817 (Tenn. 2014). A court abuses its discretion when it applies an incorrect legal standard, reaches an unreasonable result, or bases its decision on a clearly erroneous assessment of the evidence. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

Father argues that the court's final order is contrary to the evidence presented at trial and should be amended to allow Landon to continue to participate in equine-related activities at a specified level. Once again, without a transcript or a statement of the evidence, we are unable to meaningfully review Father's claim. *See Greer v. Cobble*, No. E2015-01378-COA-R3-CV, 2016 WL 2898001, at *4 (Tenn. Ct. App. May 11, 2016) (affirming decision below in the absence of an adequate record on appeal). In light of the presumption that the court's findings of fact are supported by the evidence, Father has failed to establish an abuse of discretion by the juvenile court.

## C. DAMAGES FOR A FRIVOLOUS APPEAL

Mother asserts that this appeal is frivolous, and thus she is entitled to damages, including costs, interest, and expenses incurred on appeal. Under Tennessee Code Annotated § 27-1-122 (2000), an appellate court may award damages against an appellant if an appeal is frivolous or taken solely for delay. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

We find this appeal to be frivolous. A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success." *Davis*, 546 S.W.2d at 586. An appeal has no reasonable chance of succeeding when our "ability to address the issues raised is undermined by the appellant's failure to provide an adequate record." *See, e.g.*, *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003). Such is the case here. We remand this case to the juvenile court for assessment of the proper amount of damages under the statute.

## III.

Because Father failed to file a transcript or a statement of the evidence, we presume that the factual findings set forth in the juvenile court's judgment were true and were adequately supported by the evidence presented at trial. Therefore, we affirm both the judgment of dismissal and the juvenile court's denial of the motion to alter or amend

the judgment to conform to the evidence presented at trial. Finally, we find this appeal to be frivolous and remand this case to the juvenile court for a determination of the proper amount of damages to which Mother is entitled under Tennessee Code Annotated § 27-1-122.

_____

W. NEAL MCBRAYER, JUDGE